# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## CALVIN R. CANNON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Lincoln County**
**Nos. S0800123, S0800124, S0800125, S0800126    Robert Crigler, Judge**

---

**No. M2008-02769-CCA-R3-PC - Filed October 1, 2009**

---

Petitioner, Calvin R. Cannon, appeals the trial court's dismissal of his four petitions for post-conviction relief. The State has filed a motion pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee, for this Court to affirm the judgment of the trial court by memorandum opinion. We grant the motion and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Lincoln County Criminal Court
Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Calvin R. Cannon, Atlanta, Georgia, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; John Bledsoe, Assistant Attorney General; and Charles Crawford, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

According to the record, Petitioner was convicted of the sale of marijuana in 1984, assaulting an officer in 1988, the sale of cocaine in 1988, and aggravated assault in 1994. It does not appear that appeals were filed in any of the cases. On October 22, 2008, Petitioner filed four separate post-conviction petitions alleging that he received ineffective assistance of counsel in each case. On November 10, 2008, the trial court entered orders dismissing the petitions as untimely.

Pursuant to Tennessee Code Annotated section 40-30-102(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen

established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." T.C.A. § 40-30-102(a).

Additionally, Tennessee Code Annotated section 40-30-102(b), provides that the trial court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentenced, and the previous conviction has subsequently been held to be invalid. T.C.A. § 40-30-102(b).

In the present case, Petitioner filed his post-conviction petitions well beyond the one-year statute of limitations. He does not assert, nor has he shown the applicability of any of the exceptions to toll the statue of limitations for post-conviction relief.

Upon review of this matter, this Court concludes that no error of law requiring a reversal of the judgment of the trial court is apparent on the record.

**CONCLUSION**

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE